FILED
United States Court of Appeals
Tenth Circuit

March 28, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID T. SUMMERS,

     Petitioner - Appellant,

v.

STATE OF UTAH,

     Respondent - Appellee.

No. 13-4169
(D.C. No. 2:13-CV-00431-RJS)
(D. Utah)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY

---

Before **HARTZ**, **MCKAY,** and **MATHESON**, Circuit Judges.

---

David T. Summers sought to file an application for relief under 28 U.S.C. § 2254 in the United States District Court for the District of Utah. His request to proceed *in forma pauperis* was denied by the district court on June 19, 2013, because he had adequate funds to pay the $5.00 filing fee. The court ordered that the application not be filed unless the fee was paid within 30 days. Mr. Summers sent a letter to the court complaining of his conditions of confinement but did not pay the fee. Nevertheless, on August 27, 2013, the court gave him another 30 days to show cause why the case should not be dismissed for failure to pay. He did not file a timely response, and on October 29,

2013, the court ordered that the application not be filed and closed the case.

Mr. Summers seeks from this court a certificate of appealability (COA) so that he can appeal the dismissal of his claim. *See* 28 U.S.C. § 2253(c)(1)(A) (requiring COA to appeal denial of relief under § 2254). We deny his motion to proceed *in forma pauperis*, deny the application for a COA, and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable . . . whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

Mr. Summers does not argue in his pro se brief that the district court erred by dismissing his action for failure to pay the filing fee. And the record supports the dismissal. The court ordered Mr. Summers to pay within 30 days and then gave him an additional 30 days to show cause before dismissing the action. The only response by Defendant that was at all relevant was nearly a month past the show-cause deadline and does not clearly relate to the court's order because it discusses a $350.00 filing fee paid to

2

a federal district court before this case was even opened, not the $5.00 fee ordered in this case.  Thus, "a reasonable jurist could not conclude . . . that the district court erred in dismissing the petition."  *Id.*

We DENY the motion to proceed *in forma pauperis*, DENY the application for a COA, DENY the motion to have counsel appointed, and DISMISS the appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

3